07 -0342

Ronald Swinburne Clymer, Pro Se
4267 Burkemont Road
Morganton, N.C. 28655
(828) 437-7309

Ronald Blake Clymer, Pro Se
2119 Coffey Road
Morganton, N.C. 28655
(828) 448-1599

Raoul Barrie Clymer, Pro Se
5276 Rainhill Church Road
Morganton, N.C. 28655
(828) 403-1485

FILED

JAN 2 6 2007

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONALD SWINBURNE CLYMER**: | | |
| **RONALD BLAKE CLYMER,** : | | |
| **RAOUL BARRIE CLYMER,** : | | |
| **Plaintiffs,** : | | |
| **v.** : | **Case no.** | |
| **Beverly Hall Corporation, Beverly** : | | |
| **Hall Foundation, Imperial Council** : | | |
| **of the Venerated Order of the Magi,** : | | |
| **The Spirit of the Brotherhood of** : | **Complaint for Copyright** | |
| **Light, Inc., The Paracelsus Group,** : | **Infringement; Civil Rights** | |
| **Inc., Bucks County, Leonard B.** : | **Violations; Civil R.I.C.O.;** | |
| **Sokolove, William Moyer, William** : | **Unfair Competition; Fraud** | |
| **Moffet, Gerald Poesnecker,** : | **Breach of Contract** | |
| **Harold Buttram, Stella Pocius, Paul**: | | |
| **Ricchio, Frank Fedele, William** : | | |
| **Kracht, Traute Ringwald, Bette Jo** : | | |
| **Benner, Richard D. Morse, Laurel** : | **JURY TRIAL DEMAND** | |
| **J. Scanlon, Arthur I. Cushing,** : | | |
| **Ricardo Galaz, Theodore Wolf,** : | | |
| **Ian Joseph Barton,** : | | |

1

**Defendants, et al.,**          :
**in their official and personal**   :
**capacities.**                  :

## COMPLAINT FOR DAMAGES AND INJUNCTION FOR COPYRIGHT INFRINGEMENT

Comes now the named Plaintiffs, Ronald Swinburne Clymer, Ronald Blake Clymer, Raoul Barrie Clymer, (hereinafter Clymers), bringing this complaint for fraud, copyright infringement, and unfair competition, breach of contract, civil rights violations and RICO against the named defendants, demanding a jury trial and complains against the named defendants as follows:

### JURISDICTION AND VENUE

1. This is an action for copyright infringement arising under the Copyright Act of 1976, Title 17 of the United States Code, Section 101 *et seq.*.

 a) The related common-law claim of fraud is within the pendent jurisdiction of this court.

2. The related claims of unfair competition are pursuant to the Landham Act, Title 15 united States Code, section 1050 *et seq.*.

 a) The related common-law claim of breach of contract is within the pendent jurisdiction of this court.

3. The related Civil Rights violations arise under The Civil Rights Act   42

United States Code, section 1983 & 1985.

4. This Court has subject matter jurisdiction over this action pursuant to Title 28 United States Code, sections 1331, 1338(a) and 1338(b), and under its supplemental jurisdiction.

a) Plaintiff seeks damages in excess of $100,000.00 from each defendant.

5. Venue is proper in this district under Title 28 United States Code, sections 1391 and 1400(a).

6. Upon information and belief, Defendants are subject to personal jurisdiction in this Judicial District because they have caused tortuous injury in this Judicial District by acts both inside and outside this judicial District and derives substantial revenue from the sale of infringing goods in this Judicial District, and otherwise has engaged in a persistent course of conduct in this Judicial District.

## PARTIES

7. Plaintiff, Ronald Swinburne Clymer is a natural born citizen of the United States and the grandson of renowned author, Dr. R. Swinburne Clymer. He currently resides at 4267 Burkemont Road, Morganton, North Carolina, 28655.

8. Plaintiff, Ronald Blake Clymer is a natural born citizen of the United

3

States and a great grandson of renowned author, Dr. R. Swinburne Clymer. He currently resides at 2119 Coffey Road, Morganton, North Carolina, 28655.

9. Plaintiff, Raoul Barrie Clymer is a natural born citizen of the United States and a great grandson of renowned author, Dr. R. Swinburne Clymer. He currently resides at 5276 Rainhill Church Road, Morganton, North Carolina, 28655.

10. Defendant, Beverly Hall Corporation/Foundation, is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a place of business on 5966 Clymer Road, Quakertown, Pennsylvania 18951-3275.

11. Defendant, Imperial Council of the Venerated Order of the Magi, is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a place of business on 5966 Clymer Road, Quakertown, Pennsylvania 18951-3275.

12. Defendant, Spirit of the Brotherhood of light, Inc., is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a place of business at 2606 West Allen Street, Allentown, Pennsylvania 18104-4719.

13. Defendant, Paul Ricchio, is the founder of the Spirit of the Brotherhood

4

of Light, Inc., and resides at his place of business.

14. Defendant, The Paracelsus Group, Inc., is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business listed as 200 North 3rd Street, 18th Floor, Harrisburg, Pennsylvania 17108-1585.

15. Defendant, Frank Fedele, is the founder of The Paracelsus group, Inc., and resides at Jensen Beach, Florida.

16. Defendant, Bucks County, is a perpetual body corporate, county of the second class, in the Commonwealth of Pennsylvania, having capacity to sue and be sued. Said County is responsible for training and supervising all policy, practice, and procedure of appointed and elected officials within their province.

17. Defendant Leonard Sokolove was a Bucks County Judge, now retired, whose current residence is unknown.

18. Defendant William B. Moyer, is a member of the Bucks County Bar Association, Attorney I.D. #1901, whose current residence is 103 Saddle Drive, Furlong, Pennsylvania 18925-1017.

19. Defendant, Traute Ringwald, is a current member of the Board of Directors for Beverly Hall Corporation/Foundation whose current residence is unknown.

20. Defendant, Bette Jo Benner, is a current member of the Board of Directors for Beverly Hall Corporation/Foundation whose current residence is unknown.

21. Defendant, Richard D. Morse, is a current member of the Board of Directors for Beverly Hall Corporation/Foundation whose current residence is unknown.

22. Defendant, Laurel J. Scanlon, is a current member of the Board of Directors for Beverly Hall Corporation/Foundation whose current residence is unknown.

23. Defendant, Arthur Cushing, is a current member of the Board of Directors for Beverly Hall Corporation/Foundation whose current residence is unknown.

24. Defendant, Ricardo Galaz, is a current member of the Board of Directors for Beverly Hall Corporation/Foundation whose current residence is unknown.

25. Defendant, Theodore Wolf, is a current member of the Board of Directors for Beverly Hall Corporation/Foundation whose current residence is unknown.

26. Defendant, Ian Joseph Barton, is a current member of the Board of Directors for Beverly Hall Corporation/Foundation whose current residence

is unknown.

## STATEMENT OF FACTS

27. Plaintiff realleges each and every allegation set forth in paragraphs 1 through 26, inclusive, and incorporates them herein by reference

28. The Beverly Hall Corporation was founded by Dr. R. Swinburne Clymer (hereinafter RSC) in the early 1900's incorporating the August Fraternity.

29. RSC purchased a tract of land in Upper Bucks County in 1917 To build a permanent home for the Fraternity.

31. RSC incorporated the Beverly Hall Foundation wherein he placed the properties, located in Bucks County, for the headquarters of the August Fraternity.

32. Between 1917 and 1951, William Clymer, Lester Clymer, Lee Clymer, Ronald Swinburne Clymer, Raoul Barrie Clymer, Sr., Oscar Clymer, Ned Clymer, and Emerson Myron Clymer built eleven stone masonry buildings on the aforesaid property that comprise Beverly Hall proper.

33. Inasmuch as Beverly Hall is non-profit, RSC authored the "Organic laws" (Fraternity By-Laws) articulating specific controlling rights to be maintained by his descendents.

34. RSC, a prolific writer, authored over one hundred medical and philosophical books.

35. Based upon his philosophical books RSC authored an international correspondence course designed to philosophically enlighten individuals.

36. There have been thousands of students enrolled in the Fraternity engaging in what is known as the "Great work".

37. The aforesaid students contribute liberally through cash donations, Wills and Legacies for the up-keep of Beverly Hall.

38. It is mandatory of all students upon enrollment to fill out an "Application and Obligation" wherein it is stated:

> "…Should I, at any time, for any reason whatsoever, leave the Fraternity, or be expelled therefrom, or join any other organization with which this is not in harmony, I shall so inform the Master, and at once return to him or his Secretary all private books, lessons and writings, and will thereafter, as now, hold inviolate all affairs of the Fraternity and its personnel…."

39. It was also mandatory that all students sign a "Contract" which reads in pertinent part:

> "Student is to keep such books and lessons strictly confidential, not to loan them to others, or sell or otherwise dispose of them, and agrees to return them to the fraternity before his demise or to arrange so that upon his demise they will be for with returned to the Fraternity in good condition. Student agrees to keep such books and lessons in safe keeping when not being used by him so that they will not be available to others, whether or not members of Student's family….This agreement shall apply to any and all books and lessons issued by the Fraternity to Student and considered or known as private."

8

40. On unknown date Defendant Ricchio enrolled as a student of the Fraternity of Beverly Hall Corporation/ Foundation, under the tutelage of its' founder, Dr. R. Swinburne Clymer.

41. On unknown date Defendant Fedele enrolled as a student of the Fraternity of Beverly Hall Corporation/ Foundation, under the tutelage of its' founder, Dr. R. Swinburne Clymer.

42. On unknown date Defendant Pocius enrolled as a student of the Fraternity of Beverly Hall Corporation/ Foundation, under the tutelage, Rev. Emerson Clymer.

43. On unknown date Defendant Buttram enrolled as a student of the Fraternity of Beverly Hall Corporation/ Foundation, under the tutelage of its' founder, Dr. R. Swinburne Clymer.

44. On unknown date Defendant Poesnecker enrolled as a student of the Fraternity of Beverly Hall Corporation/ Foundation, under the tutelage of its' founder, Dr. R. Swinburne Clymer.

45. Defendant Fedele at some point became legal counsel for the Fraternity.

46. At some point Defendant Ricchio became Head Master, an instructor for the Fraternity.

47. Upon the passing of Reuben Swinburne Clymer in 1967, Emerson

Myron Clymer succeeded his father in all official Fraternal capacities.

48. Ronald Swinburne Clymer was made Grand Vice President on or about 1978.

49. Defendant Ricchio knew of and acknowledged that the copyrights were transferred from the author, Dr. R. Swinburne Clymer (upon his demise in 1967), to his son Emerson Myron Clymer as evidenced by the records of the U.S. Copyright Office, in Washington, D.C..

50. Upon the death of Emerson Myron Clymer on August 21, 1983, Poesnecker, Moffet, Buttram, Ricchio, Fedele, and Pocius conspired to take over control of Beverly Hall Corporation/Foundation by suppressing the Letter of Succession[1] and the contents of the Organic Laws[2] from the named Plaintiffs.

51. On or about the second week of July, 2003, Plaintiffs were first made aware of the transfer of copyright upon receipt of a copy of the Organic Laws and Letter of Succession, that had been withheld by Defendant Moffet and others.

52. On August 25, 2005, Plaintiff served Defendants, Kracht, Ricchio,

---

[1] This document named Emerson Myron Clymer's son, Ronald Swinburne Clymer, as his successor pursuant to the Fraternal "ancient landmark of a Son following the Father, and his son or brother in turn following him."

[2] The Organic Law controlling the Fraternity clearly sets forth specific controlling rights reserved for R. Swinburne Clymer's descendents

Fedele, Ringwald, Benner, Morse, Scanlon, Cushing, Galaz, Wolf, Barton, with a Letter to Cease and Desist of copyright infringement.

53. Defendants refused to communicate with Plaintiff.

## CLAIM FOR RELIEF
## CIVIL R.I.C.O.

**RELATED FACTS:**

54. Plaintiff realleges each and every allegation set forth in paragraphs 1 through 53, inclusive, and incorporates them herein by reference

52. Defendant Pocius gave a sworn statement that just prior to his death, Emerson Myron Clymer, gave her a sealed envelope that pertained to "the future of Beverly Hall" in the event "anything should happen to him"; which she gave to Defendant Poesnecker after Emerson's demise.[3]

53. Defendant Fedele gave a statement that he personally saw The letter of Succession document naming Ronald Swinburne Clymer as successor to Emerson Myron Clymer, as the Supreme Grand Master of the related Fraternities, in the Record Book (located in the Office of Beverly Hall) which was given to Defendant Moffet.

54. During the litigation initiated by Defendant Poesnecker, the Organic Laws of the Fraternity were introduced to the Presiding Judge, Defendant

---

[3] Stella Pocius Deposition dated March 21, 1990, page 69-71.

Leonard Sokolove, which were placed under seal and kept in his Judges chamber.

55. The named defendants, Poesnecker, Buttram, Moffet, Ricchio, Fedele, and Pocius, all had access to the Office of Beverly Hall and did knowingly, willingly and intentionally conspire and conceal the Letter of Succession to defraud the Plaintiffs for personal gain.

56.The named defendants, Poesnecker, Buttram, Moffet, Ricchio, Fedele, Pocius, Sokolove, Moyer did knowingly, willingly, and intentionally conspire to conceal the Organic Laws of the Fraternity from the Plaintiffs' wherein it clearly sets forth transfer of Fraternal control and copyright ownership for their personal gain.

57. Upon the death of Emerson Myron Clymer on August 21, 1983, Poesnecker, Moffet, Buttram, Ricchio, Fedele, and Pocius conspired to take control of Beverly Hall Corporation/Foundation thereby commiting fraud by suppressing the Letter of Succession[4] and the contents of the Organic Laws[5] from the named Plaintiffs.

58. Poesnecker, Moffet, Buttram, Ricchio, Fedele, and Pocius have

---

[4] This document named Emerson Myron Clymer's son, Ronald Swinburne Clymer, as his successor pursuant to the Fraternal "ancient landmark of a Son following the Father, and his son or brother in turn following him."
[5] The Organic Law controlling the Fraternity clearly sets forth specific controlling rights reserved for R. Swinburne Clymer's descendents

commited mail fraud by mailing illegal copies of lessons, protected by copyright of intellectual property, by way of derivative works, by and through U.S. Mail for personal gain in violation of 18 U.S.C. sec. 1341.

59. Poesnecker, Moffet, Buttram, Ricchio, Fedele, and Pocius have commited mail fraud, by mailing illegal copies of books, protected by copyright of intellectual property, by and through U.S. Mail for personal gain in violation of 18 U.S.C. sec. 1341.

60. Poesnecker, by and through his attorney Moffet, did bribe Judge Sokolove to influence the outcome of Poesnecker vs. Ricchio, Bucks County case no. 89-07661, in violation of 18 U.S.C. sec. 201.

61. Defendant Moffet did threaten Dr. Ricchio and Frank Fedele with frivolous prosecution if either would testify for and/or assist Plaintiffs, in violation of 18 U.S.C. sec. 1512; tampering with a witness.

62. Defendants Poesnecker, Moffet, Moyer and Sokolove did bribe and accept bribery and thereby obstruct justice by selling Beverly Hall stocks after the conclusion of the aforesaid litigation; all without documentation in the record, in violation of 18 U.S.C. sec. 1503.

63. Defendants Poesnecker, Moffet, Buttram, Pocius, and others to be

named did illegally sell 280 acres of Beverly Hall property.[6]

64. Defendants Dr. Kracht, Dr. Buttram, Dr. Ricchio, Frank Fedele, Moffet, Ringwald, Benner, Morse, Scanlon, Cushing, Galaz, Wolf, and Barton were all served with papers "To Cease and Desist" copyright infringement by the Plaintiffs on August 25, 2005, albeit all named Defendants continue to infringe on Plaintiffs copyright as their only source of income.

**PRAYER FOR RELIEF:**

79. Plaintiff prays for a declaratory judgment that the acts of Defendants, their officers, agents, servants, employees, licensees, attorneys, related entities, and those in active concert or participation with Defendants, be preliminarily and permanently enjoined from further copyright infringement;

A. For judgment that Defendants have engaged in a racketeer influenced corrupt organization.;

B. For judgment that Defendants have willfully and deliberately engaged in copyright infringement;

C. For an award of damages adequate to compensate Plaintiffs for Defendants willfully and deliberately engaging in continuing criminal acts

---

[6] Pennsylvania law mandates majority of the vote of the Board of Directors to sell non-profit property and Organic Law strictly prohibits any sale of Beverly Hall property.

with the sole intent of depriving Plaintiffs, reasonable royalty, with interest, including pre-judgment and post-judgment interest, and trebling of such damages in view of the willful and deliberate nature of defendants actions;

    D. For an award of Plaintiff's costs, expenses and reasonable attorneys' fees;

    E. That Plaintiff recover such other relief as this Honorable Court may deem appropriate.

## CLAIM FOR RELIEF
## UNFAIR COMPETITION

**Statement of Facts:**

65. Plaintiff realleges each and every allegation set forth in paragraphs 1 through 64, inclusive, and incorporates them herein by reference

66. Defendants Moffet and Poesnecker made a quid pro quo agreement with Defendants Ricchio and Fedele that entailed Ricchio and Fedele leaving Beverly Hall with a portion of students, and their income therefrom, in exchange for not appealing Defendant Sokolove's decision appointing Poesnecker as Supreme Grand Master and remaining silent.

67. In said portion of students was Clara Evans, an elderly, lifetime student of Beverly Hall.

68. Defendant Ricchio persuaded Clara Evans[7] to give him a large sum of cash to purchase property in Allentown, Pennsylvania, to create a base for a competitive business.

69. Defendant Ricchio placed said properties in a Trust.

70. Clara Evans appointed Defendants Ricchio and Fedele as co-trustee and co-executor to her estate.

71. Clara Evans specifically bequeathed her estate to "further the teachings of Dr. R. Swinburne Clymer", making it crystal clear that Defendant Poesnecker, nor anyone of his administration were eligible.

72. Clara left sole discretion to her trustees and executors to determine the qualified recipient.

73. On July 30, 1998, Defendant Fedele filed Articles of Incorporation of The Paracelsus Group, Inc., in the Commonwealth of Pennsylvania, purporting the Corporate Purpose, "[t]o carry on the teachings and promote, publish, distribute, promulgate and disseminate the religious truths of the Divine and Natural Law........all according to the ancient usage, landmarks, and Rosicrucian Fraternity as articulated by Dr. R. Swinburne Clymer."[8]

74. On June 9, 1999, Defendant Ricchio filed Articles of Incorporation of

---

[7] It is believed that Clara Evans suffered from dementia at the time Dr. Ricchio manipulated her into giving him a large sum of cash to purchase the property that is now his residence.
[8] Articles of Incorporation of The Paracelsus Group, Inc., Article III, A.

The Spirit of the Brotherhood of Light, Inc., in the Commonwealth of Pennsylvania, purporting the Corporate Purpose, "[t]o carry on the teachings and promote, publish, distribute, promulgate and disseminate the religious truths of Divine and Natural Law.....all according to the ancient usage, landmarks, and Rosicrucian Law of the authentic Rosicrucian Fraternity as articulated by Dr. R. Swinburne Clymer."[9]

75. All parties unequivocally knew who lawfully held the copyright to all intellectual property written by Dr. R. Swinburne Clymer and knowing, willingly and intentionally infringed on said copyrights for personal gain.

76. Neither attorney Moffet nor Dr. Poesnecker had authority to grant license to Dr. Ricchio and Mr. Fedele to utilize the books and lessons authored by RSC.

77. The defendants, Dr. Ricchio and Mr. Fedele, did knowingly, willing, and intentionally breach legal contracts, that they swore an oath to uphold, by refusing to return all books and lessons  with the sole intent of utilizing same as the basis for a competitive corporate enterprise for personal gain.

78. Dr. Poesnecker and Dr. Buttram created and operate the Imperial Council of the Venerated Order of the Magi based upon the intellectual

---

[9] Articles of Incorporation of The Spirit of the Brotherhood of Light, Inc., Article III, A.

property authored by RSC.

**PRAYER FOR RELIEF:**

79. Plaintiff prays for a declaratory judgment that Defendants, its officers, agents, servants, employees, licensees, attorneys, related entities, and those in active concert or participation with Defendants, be preliminarily and permanently enjoined from further unfair competition;

A. For judgment that Defendants have engaged in unfair competition;

B. For judgment that Defendants have willfully and deliberately engaged in unfair competition;

C. For a judgment that defendant Ricchio breached his fiduciary duty to the August Fraternity by utilizing his position as an instructor to manipulate an elderly student into giving him funds to create a competitive business.

D. For an award of damages adequate to compensate Plaintiffs for Defendants willfully and deliberately engaging in unfair competition reasonable royalty, with interest, including pre-judgment and post-judgment interest, and trebling of such damages in view of the willful and deliberate nature of defendants actions;

E. For an award of Plaintiff's costs, expenses and reasonable attorneys' fees;

F. That Plaintiff recover such other relief as this Honorable Court may deem appropriate.

## CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT
## &FRAUD

**RELATED FACTS:**

80. Plaintiff realleges each and every allegation set forth in paragraphs 1 through 79, inclusive, and incorporates them herein by reference

81. RSC was a prolific author of over 100 works.

82. Only properly enrolled students were given lawful use of non-published books and lessons for personal use.

83. RSC transferred title of copyright to his descendents in a signed document.

84.The document had been deliberately withheld from the Plaintiffs by the named defendants, et al., since the demise of Emerson Myron Clymer in 1983.

85.This act of fraud was executed with the deliberate intent of allowing existing copyrights to lapse allowing certain intellectual property to go into public domain.

86. By their actions alleged above, Defendants, The Beverly Hall Corporation/ Foundation, Inc., and William Kracht, et al., have infringed

19

and will continue to infringe Plaintiff's copyright in each of the Subject Works by publishing, producing, distributing, and placing upon the market products which are direct copies of copyright protected property.

87. By their actions alleged above, Defendants Dr. Kracht and Dr. Buttram, et al., of The Imperial Council of the Venerated Order of the Magi, Inc., have infringed and will continue to infringe Plaintiff's copyright in each of the Subject Works by publishing, producing, distributing, and placing upon the market products which are direct copies of Plaintiff's copyrighted Subject works.

88. By their actions alleged above, Defendants, Spirit of the Brotherhood of Light, Inc., and Paul Ricchio, et al.,  have infringed and will continue to infringe Plaintiff's copyright in to each of the Subject Works by publishing, producing, distributing, and placing upon the market products which are direct copies of Plaintiff's copyrighted Subject works.

89. By their actions alleged above, Defendants, The Paracelsus Group, Inc. and Frank Fedele, have infringed and will continue to infringe Plaintiff's copyright in to each of the Subject Works by publishing, producing, distributing, and placing upon the market products which are direct copies of Plaintiff's copyrighted Subject works.

**PRAYER FOR RELIEF:**

90. Plaintiff pray for a judgment that each Defendant, its officers, agents, servants, employees, licensees, attorneys, related entities, and those in active concert or participation with Defendants, be preliminarily and permanently enjoined from further infringement, inducement of infringement, or contributory infringement of Plaintiff's intellectual property;

A. For judgment that Defendants have infringed on Plaintiff's intellectual property rights;

B. For judgment that Defendants have induced infringement and/or contributorily infringed of Plaintiff's intellectual property rights;

C. For judgment that Defendants, agents, attorneys, servants, and/or employees have committed fraud by willfully and deliberately conspiring amongst themselves and others to withhold the transfer intellectual property rights to the Plaintiffs for their own personal gain;

D. For judgment that Defendants infringement on Plaintiff's intellectual property rights was willful and deliberate;

E. For an award of damages to compensate Plaintiffs for Defendants infringement, including attorneys' fees, it has sustained and will sustain, and any gains, profits and advantages obtained by Defendants as a result of Defendants' acts of infringement alleged above. Treble damages for the willful and deliberate infringement by Defendants. At present, the amount of

such damages, gains, profits and advantages cannot be fully ascertained by Plaintiff.

## CLAIM FOR RELIEF
## <u>CIVIL RIGHTS VIOLATIONS</u>

**RELATED FACTS:**

91. The administrative positions within the Fraternity are as follows:

A) "A Supreme Grand Master is the head of the August Fraternity for more than one country."[10]

B) "A Grand Master is the head of the August Fraternity for one country."[11]

92. Defendant Poesnecker produced documentation, purportedly dictated by erstwhile Supreme Grand Master, Emerson Myron Clymer, and signed by the secretary, Defendant Pocius, appointing him as "acting Grand Master."[12]

93. Defendants Dr. Ricchio, Fedele, and others, executed a coup de etat' in early 1989 in an attempt to remove Dr. Poesenecker pursuant to the Organic Law of the Fraternity, for financial impropriety, etc., etc., in his assumed office as Supreme Grand Master.

94. Dr. Poesnecker initiated litigation in the Court of Common Pleas for

---

[10] Quoted from, "A pilgrimage to Beverly Hall", page 6
[11] Quoted from, "A pilgrimage to Beverly Hall", page 6
[12] Defendant Pocius stated under oath this alleged document was dictated three (3) days after Emerson Myron Clymer suffered a debilitating stroke.

Bucks County, Pennsylvania, against Ricchio, Fedele, and others to regain control of the fraternity. Poesnecker vs. Ricchio, et al., civil action no. 89-7661-15-87.

95. During the pendancy of the aforesaid litigation Poesnecker and Moffet incorporated "The Imperial Council of the Venerated Order of the Magi, Inc.".

96. Dr. Ricchio, et al., immediately petitioned said court for an injunction to dissolve the newly created shell corporation.

97. Defendant Judge Sokolove succinctly stated in the record that Poesnecker's "bonofides were in question" for creating a corporation that was clearly "the same as, or in competition to..." Beverly Hall, as a fail-safe in the event that Poesnecker was not successful in his litigation.

98. Defendant Moffet requested, and was granted, an off-record conference to discuss the judge's position with Poesnecker.

99. Defendant Sokolove returned on the record stating that Poesnecker did not have to dissolve the new corporation; merely let it remain dormant until the conclusion of the pending litigation.

100. Modified an existing order to allow sale of corporate holdings (conservative stocks) and permission to purchase stock "without regard to whether such transactions would usually be deemed prudent for such an

account" .

101. In the clear absence of jurisdiction Judge Sokolove made a determination to change an appointed Grand Master into Supreme Grand Master[13] violating the U.S. Constitution, Separation of Church and State, and Pennsylvania State law:

> 15 Pa.C.S.A. section 5107 provides:

>> If and to the extent canon law applicable to a corporation incorporated for religious purposes shall set forth provisions relating to the government and affairs of the corporation which are inconsistent with the provisions of this subpart on the same subject, the provisions of the canon law shall control to the extent, and only to the extent, required by the Constitution of the United States or the Constitution of Pennsylvania or both.

102. The Organic Law of the August Fraternity articulates the proper procedure for establishing a new Supreme Grand Master in the event that the chair would become vacant for whatever reason. This procedure does not contradict or violate corporate law.

**PRAYER FOR RELIEF:**

103. Plaintiff prays for declaratory judgment rendering Judge Sokolove's "specific finding", that "acting Grand Master" (Dr. Poesnecker) was the

---

[13] This is the functional equivalent of a Judge of the Common Pleas Court of Philadelphia making a legal declaration that the Vatican- appointed Archbishop of Philadelphia is now the Supreme Pontiff (Pope) of the Roman Catholic Church.

"Supreme Grand Master" of the August Fraternity, as unconstitutional and therewith void.

Respectfully submitted,

Ronald Swinburne Clymer, Pro Se
4267 Burkemont Road
Morganton, N.C. 28655
(828) 437-7309

Ronald Blake Clymer, Pro Se
2119 Coffey Road
Morganton, N.C. 28655
(828) 448-1599

Raoul Barrie Clymer, Pro Se
5276 Rainhill Church Road
Morganton, N.C. 28655
(828) 403-1485